UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS LANGSTON, individually and on behalf of all others similarly situated §§§ Plaintiffs, § § vs. § § PREMIER DIRECTIONAL DRILLING, L.P. AND E-EMPLOYERS SOLUTIONS, INC., §§§§§ Defendants. § | § § § DOCKET NO. § § JURY TRIAL DEMANDED § § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) § § § § § |

## COLLECTIVE ACTION COMPLAINT

### I.     SUMMARY

1.     Douglas Langston (hereinafter "Plaintiff" or "Langston") brings this lawsuit to recover unpaid overtime wages and other damages from Premier Directional Drilling, L.P. ("Premier") and E-Employers Solutions, Inc. ("E-Employers Solutions") (collectively "Defendants") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff overtime, Defendants paid Plaintiff and all of the similarly situated MWDs a base salary and a day rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.     JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.     THE PARTIES

4.     Plaintiff worked for Defendants as an MWD during the relevant statutory time

period. His consent to be a party plaintiff has been attached hereto as <u>Exhibit A</u>.

5. The nationwide class of similarly situated employees ("Putative Class Members") consists of:

> **ALL INDIVIDUALS WHO WORKED FOR PREMIER DIRECTIONAL DRILLING, L.P. AND/OR E-EMPLOYERS SOLUTIONS, INC. OVER THE PAST THREE YEARS AS AN MWD AND WERE PAID A BASE SALARY AND DAY RATE WITHOUT OVERTIME COMPENSATION**

6. Defendant Premier Directional Drilling, L.P. may be served through its registered agent Stephen A. Mendel at 1155 Dairy Ashford, Suite 104, Houston, Texas 77079 or wherever the registered agent may be found.

7. Defendant E-Employers Solutions, Inc. may be served through its registered agent Terry Hookstra at 12211 Huebner Rd., San Antonio, Texas 78230 or wherever the registered agent may be found.

8. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the workweek at issue in this case.

### IV.  COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V.   FACTS

13. Premier is a directional drilling company that claims to have operations in oil and gas formations such as the Eagle Ford Shale, Delaware Basin, Permian Basin, Bakken Formation, Michigan Basin, Mississippian Lime Play, and Marcelleus Formation. http://www.premierdirectionaldrilling.com/pages/operations.asp. As of January 1, 2014, Premier reported that it provided services to over 40 rigs. http://www.premierdirectionaldrilling.com/directional-drilling-services.asp.

14. Based in Houston, Texas, Premier employes measurement while drilling ("MWD") field support professionals who it deploys across the United States.

15. E-Employers Solutions is a joint employer of many of Premier's MWD employees. E-Employers Solutions provides staffing, human resources, rick management, employee benefits, payroll processing, time keeping, and instruction on pay practices. http://www.eesipeo.com/

16. E-Employers Solutions worked directly with Premier to develop and maintain the pay practices at issue in this lawsuit.

17. Plaintiff and the Putative Class Members received pay checks and W-2s from E-Employers Solutions, even though they performed services for Premier.

18. E-Employers Solutions and Permier jointly employed the Plaintiff and Putative Class Members at issue in this case.

19. Over the statutory time period, Defendants have employed many Putative Class Members throughout the United States. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

20. The Putative Class Members' primary job duties include operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. The Putative Class Members conduct their day-to-day activities within designated parameters and in accordance with a predetermined well plan. The well plan was created, implemented, and regularly maintained by the well site supervisors.  The Putative Class Members activities are routine and largely governed by standardized plans and checklists created by Defendants and their clients. Every element of the Putative Class Members' job was predetermined for them by Defendants and their clients, including the tools to use at a job site, the data to compile, and schedule of work and related work duties.

21. The job functions of the Putative Class Members are primarily technical and manual labor in nature, requiring little to no official training. Likewise, college education is not required to perform these job functions.

22. All of the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice. All of the Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of being paid hourly, all of the Putative Class Members were paid a base salary plus a day rate. No matter

how many hours the Putative Class Members worked in excess of forty hours a week, they were not paid overtime compensation.

## VI.   FLSA VIOLATIONS

23.   During the relevant time period, Defendants violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

24.   Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members their overtime compensation. The decision by Defendants not to properly pay overtime compensation to the Putative Class Members was neither reasonable, nor in good faith.  Accordingly, the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.   COLLECTIVE ACTION ALLEGATIONS

25.   Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.  Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members nationwide.

26. The Putative Class Members all received a salary and a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

27. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

28. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII.  RELIEF SOUGHT

29. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d.  For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

   e.  For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   f.  For an Order granting such other and further relief as may be necessary and appropriate.

         Respectfully submitted,

        By: */s/ Michael A. Josephson*
         Michael A. Josephson
         Fed. Id. 27157
         State Bar No. 24014780
         mjosephson@fibichlaw.com
         Andrew W. Dunlap
         Fed Id. 1093163
         State Bar No. 24078444
         adunlap@fibichlaw.com
         Lindsay R. Itkin
         Fed Id. 1458866
         State Bar No. 24068647
         litkin@fibichlaw.com
        **FIBICH, LEEBRON, COPELAND,**
        **BRIGGS & JOSEPHSON**
        1150 Bissonnet
        Houston, Texas 77005
        713-751-0025 – Telephone
        713-751-0030 – Facsimile

        **AND**

        Richard J. (Rex) Burch
        Fed. Id. 21615
        Texas Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**